# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DIAZ, an individual, on behalf of himself and all members of the putative class,<br><br>Plaintiff,<br><br>v.<br><br>SUN-MAID GROWERS OF CALIFORNIA, a California Corporation; and Does 1 through 100, inclusive,<br><br>Defendants. | 1:19-CV-00149-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO REMAND**<br><br>(ECF No. 7) |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if

1

Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Defendant Sun-Maid Growers of California, a California corporation, and Does 1 through 100, inclusive (collectively, "Defendant"), removed from California state court a labor law action brought by David Diaz ("Plaintiff") on his own behalf and as representative of a putative class. ECF No. 2. Defendant removed the action on the basis of federal preemption under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, citing two collective bargaining agreements ("CBAs"). *Id.* at ¶¶ 2-8. Plaintiff opposes the removal, asking this Court to find that the gravamen of the claim at issue is a state cause of action. ECF No. 7. Plaintiff requests remand. *Id.* For the following reasons, Plaintiff's motion to remand is DENIED.

## III. BACKGROUND

On December 14, 2018, Plaintiff filed his putative class action against Defendant in a state court, alleging various violations of California's Labor Code and Business and Professions Code. ECF No. 2 at Ex. 1. While Plaintiff's exact dates of employment with Defendant are unclear, his Complaint suggests a plaintiff class of current or former hourly-paid or non-exempt employees employed by Defendant at any time since December 14, 2014, through final judgment in the action. *Id.*

In his First Cause of Action ("Count One"), Plaintiff alleges that Defendant violated California Labor Code § 1198 by failing to pay overtime in accordance with Industrial Welfare Commission Wage Order 8-2001 ("Wage Order 8-2001").[1] ECF No. 2 at Ex. 1. Plaintiff does not reference in Count One

---

[1] California Labor Code § 1198, entitled "Maximum hours of work; standard conditions of labor; employment in violation," reads:
> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of

2

either California Labor Code § 510 ("§ 510"), which provides for overtime compensation by statute, or any CBAs that might bear on his employment.[2] ECF No. 2 at Ex. 1; ECF No. 8 at n.1.

On February 1, 2019, Defendant filed its Notice of Removal based on Count One of Plaintiff's Complaint. ECF No. 2. Defendant argues that two CBAs provide explicitly for computation of overtime hours, overtime rates of pay, and employee wage rates, including those for Plaintiff. ECF No. 2 at ¶¶ 4, 7. Defendant contends that the provision of these terms in the CBAs means that the dispute concerns application of the CBAs only and not state law. *Id.* at ¶¶ 5, 7. In support of this, Defendant points to both § 514 of California Labor Code ("§ 514") and Wage Order 8-2001, which provide that state law overtime provisions:

> **do not apply to an employee covered by a valid collective bargaining agreement** if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.[3]

Cal. Lab. Code § 514 (emphasis added); ECF No. 8 at 4-5. Thus, according to Defendant, Plaintiff has no state law overtime claim, whether brought under California Labor Code § 1198 or otherwise, and the dispute is preempted by section 301 of the LMRA ("§ 301 preemption," "§ 301"). ECF No. 8.

On February 12, 2019, Plaintiff filed a Motion to Remand ("Motion"), contending that Count One of his Complaint is based solely on California law and does not rely on the CBAs. ECF No. 7 at

---

any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Wage Order 8-2001 has several provisions regulating overtime throughout its lengthy text, establishing hours, rates, conditions, and exceptions. General provisions are found in Cal. Code Regs., tit. 8, § 11080, subd. 3(A); alternative workweek schedule provisions are found in Cal. Code Regs., tit. 8, § 11080, subd. 3(B).

[2] California Labor Code § 510(a) provides general overtime provisions, including hours and rates. Subsection (a)(2) exempts alternative workweek schedules adopted through a collective bargaining agreement under § 514.

[3] In Wage Order 8-2001, the only difference is use of "shall not" in place of "do not":

(I) Except as provided in subsection (A)(1) and subsections (D) and (H), this section shall not apply to any employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

3

1-2. He avers that even if the CBAs address overtime, his state law right to overtime compensation exists outside and independent of the agreements. *Id.* at 1-3. Plaintiff contends secondarily that a preemption argument cannot be supported by the content of his Complaint because he has not pled anything except state law causes of action. *Id.* at 2-4. Therefore, according to Plaintiff, his pleadings do not reasonably raise a § 301 preemption issue at this stage of litigation. *Id.* at 3-4. Plaintiff suggests that Defendant, if it chooses, may raise § 301 preemption as a defense in state court instead. *Id.* at 2-4.

The remainder of Plaintiff's causes of action are not referenced by either party and do not appear to involve matters addressed in the CBAs. ECF Nos. 2, 7-9.

## IV. <u>LEGAL STANDARD</u>

A defendant may remove a civil case from state court to federal court if the action presents either a federal question, or the action's parties are citizens of different states and the amount in controversy is over $75,000. 28 U.S.C. §§ 1331, 1441. A federal question is presented when either "(1) federal law creates the cause of action or [ ] (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008). Subject-matter jurisdiction (in the form of either federal question or diversity jurisdiction) may be challenged at any time prior to final judgment. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Section 301 of the LMRA grants federal courts exclusive jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization … without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). It controls claims that either are centered directly on rights conferred by a CBA or are "substantially dependent on analysis" of a CBA. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). While § 301 does not expressly preempt state court suits, the Supreme Court has found that "in enacting § 301 Congress

4

intended doctrines of federal labor law uniformly to prevail over inconsistent local rules." *Teamsters, Chauffers, Warehousemen and Helpers of America v. Lucas Four,* 369 U.S. 95, 104 (1962). "The preemptive force of section 301 is so powerful as to displace entirely any state claims based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted).

At the same time, the Supreme Court has explained that Congress did not intend:

> [to] delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored. Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. . . . [I]t would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211-212 (1985). The obverse of this logically follows: "state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements." *Id.* at 213.

## V. **DISCUSSION**

Plaintiff requests remand of the action before this Court, arguing two primary grounds: (1) he has a state law right to overtime compensation that exists outside and independent of the CBAs, and (2) he has pled a state law cause of action in Count One, which does not contemplate his CBAs. ECF No. 7. Therefore, according to Plaintiff, § 301 preemption applies only in a state court forum and only defensively, if it applies in this matter. *Id.* For the following reasons, this Court disagrees, finding Plaintiff's Count One is preempted by § 301 of the LMRA and finding that Defendant's removal of the case on that basis was appropriate.

## A. The CBAs

The interaction of California Labor Code §§ 510 and 514, and their analogs in Wage Order 8-2001, is not disputed but warrants brief discussion.[4] Section 510 overtime standards are not applicable to a person who is covered by a CBA, so long as the CBA provides for certain protections as outlined in § 514.[5] Should a CBA fail to provide the required terms, a person may have recourse through § 510 in an overtime dispute, despite otherwise being subject to a CBA. The importance of the interaction between § 510 and § 514, then, is that a person may contract away overtime protection rights under § 510. *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1154 (2019). Section 510 is not a state law right that exists independent of a private agreement, as it can be waived, even if in waiving it, other protections must be contracted. *Lueck*, 471 U.S. at 213.

Preliminarily, this Court determines whether the CBAs in this case satisfy the requirements stated in § 514 in order for the CBAs to govern Plaintiff's overtime, rather than § 510. As noted previously, the relevant portion of § 514 requires that a CBA "expressly provide[ ] for the wages, hours of work, and working conditions of the employees, and . . . premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

Plaintiff presents no argument that the CBAs do not apply to him or that they do not meet the exemption requirements laid out in § 514; his arguments are staked elsewhere. Based on a plain reading of the CBAs in this matter, and supported by an absence of argument to the contrary, the Court finds that

---

[4] Plaintiff brings his claim under only Wage Order 8-2001, Cal. Code Regs., tit. 8, § 11080. These types of claims are typically brought under both Cal. Lab. Code § 510 and the applicable Wage Order, of which there are many covering various industries and professions. The omission of § 510 from Plaintiff's claim does not affect the Court's analysis. Section 514 and Wage Order 8-2001 contain virtually identical overtime exemption provisions for qualifying CBAs, meaning the overtime provisions of § 510 and the Wage Order, respectively, do not apply when the CBA requirements are satisfied. Hence, courts use cases analyzing the interplay of §§ 510 and 514 to address claims brought under a Wage Order.

[5] Because California Labor Code §§ 510 and 514, and their analogs in Wage Order 8-2001, entail the same analytical process in this context, the Court will refer to §§ 510 and 514 as shorthand to differentiate between overtime rights (§ 510) and the overtime exemption for CBAs containing certain provisions (§ 514). Reference to the applicable sections of Wage Order 8-2001 is cumbersome and confusing (Cal. Code Regs., tit. 8, § 11080, subd. 3(A) and Cal. Code Regs., tit. 8, § 11080, subd. 3(I)). More importantly, analysis of the applicable Wage Order sections is implied in discussions of §§ 510 and 514.

1 the CBAs applicable here contain the necessary terms under § 514, and further finds that the CBAs
2 govern Plaintiff's overtime, rather than § 510.

3 The Court must examine next whether, in this case, § 301 preemption is a defense in state court
4 or a basis for removal to federal court.

**B.    The Applicability of § 301 Preemption**

**1.    Pre-2018 Caselaw**

The Ninth Circuit has enunciated a two-part test to determine whether a claim is preempted by § 301. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (2007). A court evaluating § 301 preemption must first "inquir[e] into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside*, 491 F.3d at 1059. A claim is preempted if it embodies a right that is dependent on a CBA. *Id.* If, however, a right exists independently of a CBA, the right is evaluated next to determine whether it is "substantially dependent on analysis of a [CBA]." *Id.* If the right requires such analysis, then the claim likewise is preempted. *Id.*

Decisions from the district courts analyzing § 301 preemption and its relation to overtime claims under California state law have reached disparate outcomes, despite using the same test. *See, e.g., Young v. Securitas Security Services USA, Inc.*, No. 17-CV-05342-JCS, 2018 WL 1142190, at *6-7 (N.D. Cal. March 2, 2018) (discussing briefly split among courts generally and within N.D. Cal.); *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 953-958 (2014) (surveying cases reaching different outcomes). Courts have found in certain past cases that overtime protections in § 510 run parallel to overtime rights granted by a CBA. *See, e.g., Peters v. RFI Enterprises, Inc.*, No. 18-CV-02771-BLF, 2018 WL 3869565, at *4 (N.D. Cal. Aug. 15, 2018). In making that finding, courts have reasoned that, absent a qualifying CBA, an employee is covered by § 510 as a default rule; thus, the ability to contract away § 510 protections flows directly from the fact that § 510 has conferred rights. *See, e.g., Meza v. Pacific Bell Telephone Company*, No. 1:17-CV-00665-LJO-JLT, 2017 WL 3503408, at *6 (E.D. Cal. Aug. 16, 2017). From there, courts have concluded that § 510 rights are independent of

CBA overtime protections. *See, e.g., Salgado v. Int'l Bhd. of Boilermakers, Iron Ship Builders Blacksmiths, Forgers, and Helpers/LDG No. 92*, No. EDCV 18-1927-GW(SHKx), 2018 WL 6062315, at *3 (C.D. Cal. Nov. 19, 2018).

Courts also have found with some frequency that § 301 preemption, when applied defensively in the face of a purely state law claim, is insufficient as a basis for removal. *See, e.g., Lane v. Ameron Pole Products LLC*, No. 2:18-CV-07955-SVW-JC, 2018 WL 5845649, at *2-3 (C.D. Cal. Nov. 5, 2018); *Vasserman*, 65 F. Supp. 3d at 954-55. To be certain, there are several cases issuing from higher courts that make this pronouncement. *See, e.g., Caterpillar*, 482 U.S. at 398-99; *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc). However, a close reading of these cases reveals more often than not a far different factual context than the context here.

In *Caterpillar*, employees and employer entered into individual employment contracts, despite employees being covered by CBAs. *Caterpillar*, 482 U.S. at 389-90. Employees sued for enforcement in California state court, and employer removed the suit to federal court. *Id.* at 390. When employees opposed removal, employer argued that the individual employment agreements were subsumed by the CBAs and, accordingly, removal was appropriate. *Id.* at 390. The Supreme Court disagreed, affirming the Ninth Circuit's decision to remand the suit to state court. *Id.* at 398-99. The Court held that:

> the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.

*Id.*

In the same vein, *Cramer* involved a question of a CBA provision purportedly permitting employer to record surreptitiously, both audially and visually, employees in company bathrooms, in direct violation of state criminal law forbidding such activity. *Cramer*, 255 F.3d at 688-89. The Ninth

Circuit held that employees had state law causes of action, despite a CBA declaring otherwise, because the underlying criminal law was non-negotiable. *Id.* at 688-89, 697.

A common trait among a substantial portion of these cases is that they either concern genuine questions of CBA applicability to a degree that is notably absent here, or they involve non-negotiable state law rights. Even within cases holding § 301 preemption inapplicable because it was raised defensively, the Ninth Circuit has recognized that "defensive reliance on a CBA might in some circumstances trigger § 301 preemption." *Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (2002).

Against this framework, courts, including the Supreme Court and Ninth Circuit, also have acknowledged that parties should not be able " 'to evade the requirements of section 301 by relabeling their contract claims as claims for tortious breach of contract' or some other state cause of action, and thus 'elevate form over substance.' " *Burnside*, 491 F.3d at 1059 (quoting *Lueck*, 471 U.S. at 211). A matter that is "a CBA dispute in state law garb" is preempted, despite the cloak it may wear. *Alaska Airlines v. Schurke*, 898 F.3d 904, 951 (9th Cir. 2018). Following this reasoning, district courts have found § 301 preemption a sufficient basis for removal under circumstances substantially similar to those presented in this case. *See, e.g., Parker v. Cherne Contracting Corp.*, No. 18-CV-01912-HSG, 2019 WL 359989, at *2-4 (N.D. Cal. Jan. 29, 2019); *Partida v. Stater Bros. Markets*, No. ED CV 18-02600 SJO (KKx), 2019 WL 351874, at *3-5 (C.D. Cal. Jan 29, 2019); *Buckner v. Universal Television, LLC*, No. CV 17-6489-R, 2017 WL 5956678, at *2 (C.D. Cal. Nov. 30, 2017); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192-93 (2015).

Indeed, while a plaintiff is generally the master of her complaint under the "well pleaded complaint rule," exceptions to that rule, the closely related "artful pleading" and "complete preemption" doctrines, cannot be excluded from consideration during a preemption analysis. *Caterpillar*, 482 U.S. at 391-94; *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041-42 (9th Cir. 2003). Both doctrines together establish that a plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of the claim," and that a

"claim purportedly based on . . . [a] preempted state law is considered, from its inception, a federal claim." *Paige v. Henry J. Kaiser Co.*, 826 F2d 857, 860 (9th Cir. 1987); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (2005) (omitting internal citation and quotes). Where, as here, there is no genuine question regarding the applicability of a CBA, yet a plaintiff has pled a state law violation, one consideration for the court is whether the plaintiff seeks to evade federal review.

2.  **Recent Developments**

With that history as a backdrop, two recent cases from Ninth Circuit provide new purchase on this natural tension regarding 'the source' of a right that at once originates in state law but may be subsumed under a CBA. In the first case, *Alaska Airlines v. Schurke*, 898 F.3d 904, 914 (9th Cir. 2018), an airline employee sought to use vacation time under the Washington Family Care Act ("WFCA") to care for her sick child, citing a provision of the law that reads in part:

> The employee taking leave under the circumstances described in this section **must comply with the terms of the collective bargaining agreement** or employer policy applicable to the leave, **except for any terms relating to the choice of leave**.

Wash. Rev. Code § 49.12.270 (emphasis added).

After being denied the requested time off by her employer, the employee filed an administrative complaint. *Schurke*, 898 F.3d at 914. The Washington State Department of Labor and Industry ("L&I") found in the employee's favor, despite a CBA prohibiting time use like that requested. *Id.* at 915. Federal litigation by the airline sought to enjoin L&I but eventually grew to encompass directly the employee's dispute. *Id.* The district court ruled in the employee's favor, finding the dispute to be one of non-negotiable state law at its core.[6] *Id.* at 916. The airline appealed. *Id.*

---

[6] The preemption at issue in *Schurke* derived from the Railway Labor Act ("RLA"), rather than the LMRA; however, the Supreme Court has made clear that RLA preemption is "virtually identical" to § 301 preemption under the LMRA. *See, e.g., Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 262-64 (1994). The Ninth Circuit relied on many § 301 preemption cases in reaching its decision in *Schurke* and referred to § 301 preemption in much of its discussion.

10

On appeal, a divided panel of the Ninth Circuit sided with the airline, finding that the right to any leave time—whatever type—arose from the CBA at issue. *Schurke*, 898 F.3d at 916. Consequently, the state law was not independent; it could only apply to someone who had already been conferred leave time in a CBA. *Id.* An *en banc* rehearing was granted. *Id.*

A majority of the Ninth Circuit, sitting *en banc*, ruled that the source of the right at issue was the state law. *Schurke*, 898 F.3d at 926-28. That is, the right at issue was the non-negotiable law permitting vacation time to be used for other purposes, rather than the CBA initially granting leave time. *Id.* The plain language of the Washington state law recognizes the authority of CBAs to regulate leave, except for the slice of authority explicitly reserved to the state regarding choice of leave. *Id.*

The state law at issue in *Schurke* is plainly different from the state law before this Court. In *Schurke*, the state law carved out an exception to the scope of authority of CBAs, making that carve out non-negotiable. That type of carve out is not present in § 514. Instead, in the legal schema applicable here, state law overtime protections "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for" certain overtime terms. Cal. Lab. Code § 514. Hence, a CBA either governs overtime or it does not, creating a dichotomy based on whether the CBA's terms satisfy § 514 or not. Nothing in California state law supports the proposition that an employee may opt the vehicle through which to seek enforcement of an overtime right as the litigant sees fit —a qualified CBA or state law provisions—despite a qualifying CBA in place. Quite the opposite is true. Here, once a person has contracted away lawfully the negotiable state law overtime rights, only a CBA-grounded claim remains.

A second case recently decided by the Ninth Circuit, *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (2019), supports this conclusion. In *Curtis*, an employee sought to enforce overtime and related labor law claims in a California state court, despite two qualifying CBAs under § 514. *Curtis*, 913 F.3d at 1149-50. The employer removed the case to federal court based on § 301 preemption and preemption under the Outer Continental Shel Lands Act, 43 U.S.C. § 1331-1356(b), and filed a motion to dismiss.

*Id.* at 1150. The employee opposed, arguing in part that "California's minimum wage and hour standards are not preempted by § 301 of the LMRA under binding state and federal precedents." *Id.* at 1151.

The district court granted the employer's motion to dismiss. *Curtis*, 913 F.3d at 1151. In the employee's motion for reconsideration of the dismissal, he stated that he was "willing to concede that the CBAs [were] generally applicable … because such a concession ha[d] zero effect" on his right to pursue his "statutorily-guaranteed rights in court—a right that exist[ed] independently of these CBAs." *Id.* The district court affirmed its dismissal of the employee's case, and the employee appealed. *Id.*

On appeal, a unanimous panel of the Ninth Circuit affirmed in part and remanded in part, on other grounds. *Curtis*, 913 F.3d at 1155-56. The court pronounced clearly that "the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA," and that if an employee's CBA meets the requirements of § 514, the employee's right to overtime " 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Id.* at 1154-1155 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)).

In addressing the employee's argument that he retained a state law overtime claim because the overtime terms of his CBA did not match the terms of § 510, the Ninth Circuit opined that:

> the California legislature deemed it appropriate to allow unionized employees to contract around section 510(a)'s requirements by "bargain[ing] over not only the *rate* of overtime pay, but also *when* overtime pay will begin." [ ] Accordingly, when such a bargain has been struck, courts look to the CBA to determine the definition of "overtime."

*Curtis*, 913 F.3d at 1154-55 (emphasis original) (quoting *Vransih v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 111 (2014)). The court found that the employee's CBAs satisfied § 514 and that, as a result, his claim for overtime was governed by his CBAs rather than state law. *Id.* at 1155. Because the source of the employee's right to overtime was found in his CBAs, the Court held that the employee's overtime claim was preempted by § 301. *Id.*

The framework of *Curtis* mirrors that of this case, and like the overtime claim in *Curtis*, Plaintiff's overtime in this case "fails at step one of the preemption analysis." *Curtis*, 913 F.3d at 1155. Here, the Court has found that Plaintiff's CBAs satisfy § 514 and, as a result, his overtime claim is governed by his CBAs rather than state law. Having reviewed the past treatment of § 301 preemption in California overtime disputes, as well as recent, relevant decisions by the Ninth Circuit, this Court is persuaded that the source of Plaintiff's overtime right is found in his CBAs, and that at its core, the overtime rights of § 510 are negotiable and dependent. Accordingly, the Court holds that Plaintiff's overtime claim is preempted by § 301.[7]

### 3. Supplemental Jurisdiction

Defendant asks the Court to exercise supplemental jurisdiction over Plaintiff's remaining claims. ECF No. 2 at ¶ 8. Because the Court has original federal jurisdiction based on § 301 preemption of Plaintiff's Count One, the Court "may exercise supplemental jurisdiction over claims that are brought in conjunction" with the preempted claim. *Brown v. Brotman Medical Center, Inc.*, 571 Fed. Appx. 572, 576 (2014).

//
//
//
//
//

---

[7] Past rulings by this Court may stand at odds with its ruling in this case, but the Court did not have the benefit of the Ninth Circuit's opinions in *Schurke* and *Curtis* when rendering its previous decisions on § 301 preemption and California state law overtime claims. *See Meza v. Pacific Bell Telephone Company*, No. 1:17-CV-00665-LJO-JLT, 2017 WL 3503408, at *5-6 (E.D.Cal. Aug. 16, 2017); *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1190-91 (E.D. Cal. Feb. 22, 2016); *Avalos v. Foster Poultry Farms*, 798 F. Supp. 2d 1156, 1162-63 (E.D. Cal. 2011). The Court's reasoning at the time of its previous decisions was based on then-available caselaw and tracked the analysis explained in § (B)(1), supra. The opinions in *Schurke* and *Curtis* now clarify better the dividing line between independent and dependent state law rights and their relation to § 301 preemption, leading this Court to its decision today.

Plaintiff's remaining claims relate to the same Defendant and are grounded in Plaintiff's wages, hours, and working conditions during the same period of time. Therefore, Plaintiff's additional claims are so related to Plaintiff's Count One that supplemental jurisdiction is appropriate. *See* 28 U.S.C. § 1367(a). To the extent that Plaintiff's remaining claims fall outside the scope of preemption, the Court exercises supplemental jurisdiction.

## VI. **CONCLUSION AND ORDER**

For the reasons stated above, Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: **April 23, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE