# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID DIAZ, an individual, on behalf of himself and all members of the putative class,**<br><br>Plaintiff,<br><br>v.<br><br>**SUN-MAID GROWERS OF CALIFORNIA, a California Corporation; and Does 1 through 100, inclusive,**<br><br>**Defendants.** | 1:19-CV-00149-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>(ECF No. 15) |

## I. INTRODUCTION

Defendant Sun-Maid Growers of California, a California corporation, and Does 1 through 100, inclusive (collectively, "Defendant"), removed from California state court a labor law action brought by David Diaz ("Plaintiff") on his own behalf and as representative of a putative class. ECF No. 2. Plaintiff filed a motion to remand, which the Court denied, finding preemption under § 301 of the Labor Management Relations Act. ECF Nos. 7, 14. Plaintiff now moves for leave to amend. ECF No. 15. Defendant opposes. ECF No. 16. The Court finds it appropriate to rule on Plaintiff's motion without oral argument. *See* Local Rule 230(g). For the following reasons, Plaintiff's motion to amend is GRANTED.

## II. BACKGROUND

The current matter before the Court is the first of two actions brought by Plaintiff against Defendant. ECF No. 15-1 at 2-3. Plaintiff filed this action in state court on December 14, 2018, alleging various violations of California's Labor Code and Business and Professions Code by Defendant. ECF

No. 2. Defendant removed the case from state court. *Id*. Plaintiff filed a motion to remand on February 12, 2019, which the Court denied on April 24, 2019. ECF Nos. 7, 14. The Court's denial was based on its finding that one cause of action in Plaintiff's complaint is preempted under § 301 of the Labor Management Relations Act ("§ 301," "LMRA"), 29 U.S.C. § 185. ECF No. 14.

On May 6, 2019, Plaintiff filed a motion requesting leave to amend, as he was beyond the date for amendment as a matter of course, according to his calculation. ECF No. 15-1. Plaintiff seeks to amend the preempted claim to plead an exclusively state law cause of action, based on the Court's decision denying remand. ECF No. 15-1 at 2. Defendant opposes, requesting that the preempted claim be dismissed with prejudice and that this Court retain jurisdiction over the pendant state law claims. ECF No. 16 at 5. The Court now reviews the motion to amend. ECF No. 15.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, a plaintiff may amend a complaint once as a matter of course within certain time constraints; after the prescribed time has lapsed, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. The rule, however, directs that courts "should freely give leave [to amend] when justice so requires." *Id*. The Ninth Circuit has stated that the policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted).

In considering whether to permit amendment under the court's discretion, a court evaluates the matter with the following as a guide:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing

> for the denial is not an exercise of discretion; it is merely abuse of that
> discretion and inconsistent with the spirit of the Federal Rules.

*In re Tracht Gut, LLC*, 836 F.3d 1146, 1151-52 (9th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). In determining the propriety of a motion to amend under these factors, generally "all inferences" are made "in favor of granting the motion." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## IV. DISCUSSION

Plaintiff moves for leave to amend his complaint in order to remove the preempted federal claim and to have the action remanded to state court, if leave to amend is granted. ECF No. 15. Defendant instead seeks to keep a pared down case before this Court, with the federal claim dismissed with prejudice and pendant jurisdiction exercised over the remaining state law claims. ECF No. 16 at 5.

For the reasons that follow, the Court grants Plaintiff leave to amend his complaint.

### A. The Motion to Amend

The Ninth Circuit summarizes the factors a court is to consider when weighing a request for discretionary leave to amend as: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; and 4) futility (collectively, "*Foman* factors"). *In re Tracht Gut, LLC*, 836 F.3d at 1152. The Court will examine each factor within the policy context already explained above, under which courts are to apply "with extreme liberality" the portion of Fed. R. Civ. P. 15 permitting leave to amend outside the initial amendment window "when justice so requires." *Eminence Capital, LLC*, 316 F.3d at 1051.

#### 1. Futility

The Court dispenses with the futility factor immediately. Amendment of Plaintiff's action removes a preempted federal claim and leaves Plaintiff with causes of action grounded in state law. Defendant concedes as much. ECF No. 16. Accordingly, amendment of the complaint is not futile.

3

### 2. **Bad Faith and Undue Delay**

Under the circumstances of this action, the Court's analysis of bad faith and undue delay are interconnected. Plaintiff's instant action was filed in state court on December 14, 2018. When Plaintiff filed his motion to remand on February 12, 2019, Plaintiff had a good-faith basis to believe that his action would be remanded to state court: this Court, and other district courts, had ruled in favor of Plaintiff's position in prior cases, holding that overtime claims based on certain California laws were not preempted under § 301 of the LMRA, even when a qualifying collective bargaining agreement existed. ECF No. 14. After Plaintiff filed his first action, the Ninth Circuit decided the case of *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019). *Curtis* was the basis for the Court's decision finding § 301 preemption in Plaintiff's action and denying Plaintiff's request to remand. ECF No. 14.

Plaintiff's requests for leave to amend both this action and his second were filed on May 6, 2019, promptly after the Court issued its decision denying remand. ECF No. 15. The Court does not see any undue delay in Plaintiff's request to amend under the circumstances presented here, which is further reinforced by the Ninth Circuit's pronouncement that leave to amend may be granted "where the controlling precedents change midway through the litigation." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117-18 (9th Cir. 2013).

Bad faith has been construed by the Ninth Circuit as a plaintiff "merely [ ] seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace American Group, Inc.,* 170 F.3d 877 (9th Cir. 1999). Such dilatory tactics are not evinced by Plaintiff's proposed amended complaint, and in fact, Defendant does not contend that Plaintiff's amended complaint would constitute baseless legal theories intended to prolong litigation. ECF No. 16. Instead, Defendant argues that Plaintiff's federal claim should be dismissed with prejudice and that this Court should continue to exercise jurisdiction over Plaintiff's state law causes of action. *Id*. at 5.

Defendant claims that Plaintiff's request to "excise his preempted overtime claims" amounts to improper forum shopping. ECF No. 16 at 5. The Court disagrees. A plaintiff is generally considered the

4

master of his or her complaint and may freely choose to plead state law causes of action only, even where viable claims under federal law may exist. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). A plaintiff may not, however, "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of the claim," *Paige v. Henry J. Kaiser Co.*, 826 F2d 857, 860 (9th Cir. 1987), or attempt to cloak a federal claim in "state law garb" in order to evade appropriate review. *Alaska Airlines v. Schurke*, 898 F.3d 904, 951 (9th Cir. 2018).

As explained already, the district courts have been split in answering the question of preemption as it relates to overtime claims brought under California law when a qualifying CBA exists. *Diaz*, No. 1:19-CV-00149-LJO-SKO, 2019 WL 1785660, at *4-5. By excising the claim preempted by federal law, Plaintiff acts as master of his complaint. The danger of Plaintiff evading federal review through a pleading that masks the nature of his claim is avoided through Plaintiff's proposed amendments. Moreover, Plaintiff could not have anticipated the Ninth Circuit's decision in *Curtis* or how that decision would affect this Court's review of his motion to remand. For these reasons, the Court finds no undue delay in Plaintiff's request to amend, which is his first request to amend, and similarly finds no bad faith in the request.

### 3. <u>Prejudice</u>

The Court next considers the fourth factor informing the determination of permissive leave to amend: prejudice to the opposing party. "As [the Ninth Circuit] and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight" in a court's analysis to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis original).

Prejudice to the opposing party may be found when, for example, an amendment would require additional discovery after the close of discovery, or relitigation of issues previously decided. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990); *see also Ryan v. Editions Ltd. West, Inc.*, 786

F.3d 754, 767 (9th Cir. 2015). Prejudice is not found where the opposing party "should be 'fully prepared to litigate the substantive issues' of the claim, given that both the theory and the operative facts of the claim remain the same." *Sonoma Cty. Ass'n of Retired Employees*, 708 F.3d at 1118.

Defendant does not contend that it will be prejudiced by Plaintiff's amendment, and the Court sees no danger of prejudice as it is defined in case law. The excision of a preempted claim will not require Defendant to provide additional discovery or to relitigate issues settled previously, and both the theory and operative facts of the claim remain the same. Accordingly, the Court finds no prejudice to Defendant arising from Plaintiff's request to amend his complaint.

For all of the foregoing reasons, Plaintiff is GRANTED leave to amend his complaint.

**B.** **<u>Whether to Dismiss with Prejudice</u>**

Defendant requests that Plaintiff's leave to amend be granted but that the amendment be effectuated with the special condition of prejudice, effectively converting the amendment to dismissal of any preemptable claim with prejudice. ECF No. 16 at 7-8. In support of its position, Defendant points to *Barnes v. District of Columbia*, 42 F. Supp. 3d 111 (D.D.C. 2014). *Barnes* is not persuasive.

In *Barnes*, the defendant filed a motion to dismiss certain claims by plaintiff, which was never opposed. 42 F. Supp. 3d at 113. Some fifty-one days after the filing of the motion to dismiss, the plaintiff filed a motion requesting leave to amend its complaint to remove all federal causes of action and to remand the remaining claims. *Barnes*, 42 F. Supp. 3d at 113. Because the plaintiff never opposed the motion to dismiss, the court deemed it conceded under local rules. *Id*. at 116-17. The court dismissed with prejudice certain claims—the ones giving rise to federal jurisdiction—but also granted the plaintiff's motion to amend, remanding the case to the local court of the District of Columbia. *Id*. at 121.

First, *Barnes* is a case originating in the District Court for the District of Columbia, rather than a sister court within the Eastern District of California or even within the Ninth Circuit. Second, and perhaps more importantly, *Barnes* is distinguishable based on its significantly different procedural posture. Unlike *Barnes*, there is no pending motion to dismiss by Defendant here, let alone one that has

been deemed conceded. The court in *Barnes* made clear that its decision to dismiss certain claims with prejudice weighted heavily the plaintiff's failure to timely respond to the motion to dismiss. 42 F. Supp. 3d at 116-20.

Further, Defendant's inclusion of a string-cite that ostensibly supports Defendant's position does not, in fact, advance Defendant's position. The cases listed in the string originate from courts outside the Ninth Circuit, save one. In that one case, *In re QMect, Inc.*, 349 B.R. 620, 623, 625-26 (Bankr. N.D. Cal. 2006), the court granted leave to amend to add certain claims and leave to amend to dismiss certain claims, but only if the claims were dismissed with prejudice since substantial litigation on those claims had already occurred. Both the request to add claims and the request to dismiss claims came from the plaintiff-creditors' committee, rather than the defendant. *In re QMect, Inc.*, 349 B.R. at 622. That factual scenario is nothing like the circumstances presented by this case.

In the Ninth Circuit, a district court "may, in its discretion, impose 'reasonable conditions' on the grant of leave to amend a complaint." *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985) (citation omitted). "In determining whether to impose conditions, the factors that are relevant to determining whether to grant leave initially may be considered." *Id*. In other words, a court considers the *Foman* factors.

Here, nothing in the Court's analysis of the *Foman* factors as they apply to this case, detailed in section IV(A), and nothing in Defendant's argument, points to a compelling reason to impose the condition of dismissal with prejudice. Defendant avers more than once that dismissal with prejudice is the "normal disposition of a preempted claim," but heretofore, Defendant has not moved for dismissal. ECF No. 16 at 8. Indeed, Defendant goes so far as to state it is "entitled to that remedy," citing *Curtis*, but the defendant in *Curtis* moved for dismissal based on preemption once the defendant removed the case to federal court. 913 F.3d at 1151. Defendant in this case did not do so. Quite the opposite, Defendant opposed remand and requested that this Court retain jurisdiction over the entire action, including Plaintiff's preempted claim. ECF No. 8 at 6.

For all of the above reasons, the Court declines to dismiss Plaintiff's preempted claim with prejudice.[1]

**C.      Jurisdiction after Amendment**

Finally, Defendant argues that this Court should retain pendant jurisdiction over Plaintiff's state law claims, even after the single federal claim is removed. ECF No. 16 at 9-10. Plaintiff, on the other hand, contends that remand of this action is compelled by the prospect of an amended complaint that lacks a federal claim, arguing that this Court "lacks jurisdiction the minute the overtime claim is disposed [sic]." ECF No. 19 at 3. Both Defendant and Plaintiff fail to analyze the Court's jurisdiction upon amendment of a complaint under the appropriate standard.

"Jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016). "Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Id*. Instead, courts are guided by the principle that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988). The factors a court considers are judicial economy, convenience, fairness, and comity. *Id*.

The Court has found that granting Plaintiff leave to amend his complaint is appropriate, and with that leave, Plaintiff indicates the federal claim is removed. The Court declines to exercise jurisdiction over an action with no remaining federal claims. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997). The balance of factors supports the Court's decision.

---

[1] While the Court finds no prejudice to Defendant or bad faith by Plaintiff at present, the reinstitution of the amended claim, resulting in a second removal, would necessitate evaluation of factors such as judicial economy and fairness, as well as the issue of waiver. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988); *Marx v. Loral Corp.*, 87 F.3d 1049, 1055-56 (9th Cir. 1996), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

8

**D.  Conclusion**

The considerations under *Foman* weigh heavily in favor of allowing Plaintiff to amend his complaint, and Defendant has failed to demonstrate a compelling reason to dismiss Plaintiff's federal claim with prejudice instead. Therefore, the Court grants Plaintiff leave to amend his complaint. Because in the usual case a court will find that it should decline to exercise jurisdiction over remaining state law claims, and this action does not present an unusual case, this Court declines to exercise jurisdiction.

## V. ORDER

For the reasons stated above, Plaintiff's motion for leave to amend, ECF No. 15, is GRANTED.

Within five days of electronic service of this order, Plaintiff shall file a clean (i.e., not redlined), signed copy of the lodged complaint, ECF No. 15-2, Ex. A, together with a proposed Order for Remand.

IT IS SO ORDERED.

Dated:  **August 1, 2019**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE